IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KERRY JOSEPH ENGELS, and
JENNIFER LORI ENGELS,

    Plaintiffs,

v.

BRIAN DEWAYNE KIRKES,
RANDY KENNEDY, PUSHMATAHA
COUNTY BOARD OF COUNTY
COMMISSIONERS, and JIMMY LONG,
 in his individual capacity,

    Defendants.

Case No. 13-CV-0136-JHP

## OPINION AND ORDER

Before the Court are Defendant Jimmy Long's Partial Motion to Dismiss [Doc. No. 7] and Plaintiffs' Motion to Dismiss [Doc. No. 17]. After review of the briefs, and for the reasons stated below, Defendant Long's Partial Motion to Dismiss is **GRANTED,** and Plaintiffs' Motion to Dismiss is **DENIED**.

## BACKGROUND

On October 31, 2012, Plaintiffs commenced the instant action in the District Court of Pushmataha County, Oklahoma, seeking a variety of legal remedies for damages arising from a property dispute in Pushmataha County, Oklahoma. [Doc. No. 2, Ex. 1]. On March 29, 2013, this action was removed to this Court through the filing of a Notice and Petition of Removal by Defendant Long. [Doc. No. 2]. In their Complaint, Plaintiffs assert the following claims: (1) negligent infliction of emotional distress claims against Defendants Kirkes and Kennedy; (2) a claim for failure to restrain domestic animals in violation of Okla. Stat. tit. 4, § 98 against

Defendant Kirkes; (3) claims against Defendants Board of County Commissioners of Pushmataha County, Kirkes, and Long, pursuant to 42 U.S.C. § 1985 for violation of Plaintiffs' civil rights; (4) a claim against Defendant Long for deceit and false representation; and (5) a claim for relief pursuant to Okla. Stat. tit. 69, § 635 against Defendant Long. [Doc. No. 2, Ex. 1]. On April 8, 2013, Defendants Kirkes and Kennedy filed their Joint Answer and Counterclaim, wherein Defendants Kirkes and Kennedy asserted counterclaims for libel, slander, and intentional infliction of emotional distress against Plaintiffs. [Doc. No. 10]. On April 5, 2013, Defendant Long filed a Partial Motion to Dismiss, seeking dismissal of Plaintiffs' claim for relief brought pursuant to Okla. Stat. tit. 69, § 635. [Doc. No. 7]. Then, on May 6, 2013, Plaintiffs filed a Motion to Dismiss the counterclaims for libel, slander, and intentional infliction of emotional distress asserted against them by Defendants Kirkes and Kennedy. [Doc. No. 17]. These motions to dismiss are fully briefed and before the Court.

## DISCUSSION

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* at 679. The question to be decided is "whether the complaint sufficiently alleges facts

supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**A. Defendant Jimmy Long's Partial Motion to Dismiss**

Defendant Long seeks dismissal of Plaintiffs' claim for relief brought pursuant to Okla. Stat. tit. 69, § 635. Specifically, Defendant Long argues that the Court does not have the legal authority to suspend or remove Defendant Long because § 635 does not provide a civil litigant with a private right of action to seek the suspension and removal of a public official for failure to comply with the provisions of the Oklahoma Highway Code, Okla. Stat. tit. 69, § 101 *et seq*. [Doc. No. 14, 3]. Plaintiffs dispute this interpretation of § 635.

> Section 635 provides, in relevant part, the following:
>
> (a) Any road, county, or other official charged with duties herein who shall violate any of the terms or provisions of this article the punishment for which is not prescribed elsewhere in this Code, shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than One Hundred Dollars ($100.00) for each offense, or imprisoned in the county jail not less than thirty (30) days, or suffer both such fine and imprisonment.
>
> (b) Upon presentation in court of complaint in legal form, alleging violation of any provision of this Article, any road official charged with the duties herein shall be, at the option of the court, ***immediately suspended from office pending final judgment, and upon being found guilty shall forfeit his office*** in addition to any punishment imposed.

(Emphasis added).

The Court could find only one case referencing the provisions contained in § 635. In *Board of County Commissioners of Oklahoma County v. Litton*, 315 P.2d 239 (Okla. 1957), the Oklahoma Supreme Court discussed Okla. Stat. tit. 69, § 327 (1951), a provision virtually identical to its successor, Okla. Stat. tit. 69, § 635.[1] In *Litton*, a former county commissioner

---

[1] Okla. Stat. tit. 69, § 327 (1951) provided, in relevant part the following:

(Continued...)

sought recovery for compensation lost after his office was judicially forfeited pursuant to Okla. Stat. tit. 59, § 327 (1951) in a prior criminal trial following his conviction for violations of the Oklahoma Highway Code. *Id.* The Court found the former commissioner's removal from office pursuant to § 327 unlawful because the conviction for violation of the Oklahoma Highway Code was subsequently overturned by the Oklahoma Court of Criminal Appeals. *See id.* at 242. The *Litton* case, while confirming that § 635(b) applies to criminal actions brought against road officials for violation of the Oklahoma Highway Code, is not dispositive on the issue of whether § 635(b) applies *exclusively* to criminal actions. Therefore, the Court must look to the language of the statute, utilizing cannons of statutory interpretation, in order to determine whether Plaintiffs may assert a claim under § 635(b).

"[T]he primary goal of statutory interpretation is to ascertain and follow the Legislature's intention." *Head v. McCracken*, 102 P.3d 670, 680 (Okla. 2004) (citing *Fulsom v. Fulsom,* 81 P.3d 652, 655(Okla. 2003)). As such, "the plain meaning of a statute's language is conclusive except in the rare case when literal construction produces a result demonstrably at odds with legislative intent." *Id.* (quoting *Samman v. Multiple Injury Trust Fund,* 33 P.3d 302, 307(Okla. 2001)). "In construing statutes, relevant provisions must be considered together whenever possible to give full force and effect to each." *Oklahoma Ass'n for Equitable Taxation v. City of Oklahoma City*, 901 P.2d 800, 803 (Okla. 1995). Thus, "[i]n the interpretation of statutes, courts

---

> Any road, county, or other official charged with duties herein who shall violate any of the terms or provisions of this Act shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than One Hundred ($100.00) Dollars for each offense, or imprisoned in the County Jail not less than Thirty (30) Days, or suffer both such fine and imprisonment. Upon presentation in court of complaint in legal form, alleging violation of any provision of this Act, any road official charged with the duties herein shall be, at the option of the court, immediately suspended from office pending final judgment, and upon being found guilty shall forfeit his office in addition to any punishment imposed.

*Bd. of Cnty. Comm'rs of Oklahoma Cnty. v. Litton*, 315 P.2d 239, 241 (Okla. 1957).

do not limit their consideration to a single word or phrase in isolation to attempt to determine their meaning, but construe together the various provisions of relevant legislative enactments to ascertain and give effect to the legislature's intention and will, and attempt to avoid unnatural and absurd consequences." *McNeill v. City of Tulsa*, 953 P.2d 329, 332 (Okla. 1998).

The question of whether this Court has been vested with the power to act turns on whether § 635(b) may be invoked in civil actions. At the outset, the Court notes that the meaning of § 635(b) cannot be determined without regard for § 635(a). Section 635(a) makes violations of the provisions contained in Article 6 of the Oklahoma Highway Code misdemeanor crimes. Therefore, pursuant to § 635(a), any violation of the provisions outlined in Article 6 of the Oklahoma Highway Code must be prosecuted just as any other misdemeanor violation of Oklahoma law would be prosecuted—in a criminal action. Significantly, § 635(b) makes reference to the same provisions criminalized by § 635(a) without providing for a separate avenue for relief, which suggests that § 635(b) is meant to expand on the consequences for the misdemeanor violations created by § 635(a).[2]

The Court finds that § 635(b) is intended to provide an additional punishment for misdemeanor violations of the Oklahoma Highway Code by road officials in conjunction with criminal prosecution of any such violations. Accordingly, § 635(b) is not a remedy available to private citizens seeking to remove road officials from office in a civil action. Interpreting § 635(b) as providing any such remedy would allow county commissioners to be suspended from office based merely upon unverified allegations in a civil complaint, and provide for the forfeiture of a county commissioner's office based on a finding that a commissioner violated the

---

[2] The Court finds that no private right of action may be implied from Okla. Stat. tit. 69, § 635. *See Howard v. Zimmer, Inc.*, 299 P.3d 463, 473 n.38 (Okla. 2013).

5

Oklahoma Highway Code by a preponderance of the evidence. This could not have been the intent of the Oklahoma Legislature in enacting § 635(b), and the Court declines to adopt any interpretation of § 635(b) that would lead to these unnatural and absurd consequences. Accordingly, Defendant Long's Partial Motion to Dismiss must be granted.

**B. Plaintiffs' Motion to Dismiss**

Plaintiffs seek dismissal of counterclaims for libel, slander, and intentional infliction of emotional distress asserted against them by Defendants Kirkes and Kennedy. Plaintiffs specifically argue that Defendants Kirkes and Kennedy failed to plead a sufficient factual basis for their counterclaims.

Defendant Kirkes and Kennedy allege the following facts in support of their counterclaims:

> Such statements and/or electronic publications by Plaintiffs include slander or libel per se and include statements that these Defendants are criminals by way of having performed the crimes of poisoning Plaintiffs' dog, armed assault, vandalism, and attempted robbery or burglary of Plaintiffs (*sic.*) property or premises.

[Doc. No. 10, 8]. These specific factual allegations are sufficient to meet the pleading standards set out by Fed.R.Civ.P. 8(a). Accordingly, Plaintiffs' Motion to Dismiss must be denied.

## CONCLUSION

For the reasons detailed above, After review of the briefs, and for the reasons stated below, Defendant Long's Partial Motion to Dismiss is **GRANTED,** and Plaintiffs' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERD** this 3rd day of July, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma